THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
A Professional Law Corporation
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone:     415/674-8600
Facsimile:     415/674-9900

Attorneys for Plaintiffs
IRMA RAMIREZ, DAREN HEATHERLY
and DISABILITY RIGHTS,
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
HELP OTHERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA RAMIREZ, an individual; DAREN HEATHERLY, an individual and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU) HELP OTHERS, a California public benefit corporation, <br><br> Plaintiffs, <br><br> v. <br><br> OMELETTE EXPRESS INC., a California corporation and NAN Z. MISHKIN, <br><br> Defendants. | **CASE NO. C07-4463-JCS** <br> **Civil Rights** <br><br> **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:** <br><br> **1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, et seq.) <br><br> **2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3 <br><br> **3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, et seq. <br><br> **4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, et seq. (The Unruh Civil Rights Act) <br><br><br> **DEMAND FOR JURY** |

1   Plaintiffs IRMA RAMIREZ, an individual; DAREN HEATHERLY and DISABILITY RIGHTS,

2   ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California

3   public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of

4   defendants OMELETTE EXPRESS INC. ; NAN Z. MISHKIN and allege as follows:

5   **INTRODUCTION:**

6         1.     This is a civil rights action for discrimination against persons with physical

7   disabilities, of which class plaintiffs IRMA RAMIREZ, DAREN HEATHERLY and the

8   membership of DREES are members, for failure to remove architectural barriers structural in

9   nature at defendants' OMELETTE EXPRESS, a place of public accommodation, thereby

10  discriminatorily denying plaintiffs and the class of other similarly situated persons with physical

11  disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit

12  from, the goods, facilities, services, and accommodations thereof.  Plaintiffs seek injunctive

13  relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101,

14  et seq.; California Civil Code §§51, 51.5 and 54, et seq.; and California Health & Safety Code

15  §19955, et seq.

16        2.     Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a person

17  with physical disabilities who, on or about March 30, 2006, October 25, 2006, May 24, 2007 and

18  August 7, 2007, was an invitee, guest, patron, customer at defendants' OMELETTE EXPRESS,

19  in the City of Santa Rosa, California.  At said times and place, defendants failed to provide

20  proper legal access to the OMELETTE EXPRESS, which is a "public accommodation" and/or a

21  "public facility" including, but not limited to the two men's restroom, women's restroom and

22  dining area.  The denial of access was in violation of both federal and California legal

23  requirements, and plaintiffs IRMA RAMIREZ and DAREN HEATHERLY suffered violation of

24  their civil rights to full and equal access, and was embarrassed and humiliated.

25  **JURISDICTION AND VENUE:**

26        3.     **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.

27  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

28  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  nucleus of operative facts and arising out of the same transactions, are also brought under parallel

2  California law, whose goals are closely tied with the ADA, including but not limited to violations

3  of California Civil Code §51, et seq. and §54, et seq., California Health & Safety Code §19955 et

4  seq., including §19959; Title 24 California Building Standards Code.

5      4.  **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

6  founded on the facts that the real property which is the subject of this action is located at/near

7  112 4th Street, in the City of Santa Rosa, County of Sonoma, State of California, and that

8  plaintiffs' causes of action arose in this county.

9  **PARTIES:**

10      5.  Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each  is a

11  "physically handicapped person", a "physically disabled person", and a "person with physical

12  disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person

13  with physical disabilities" are used interchangeably, as these words have similar or identical

14  common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety

15  Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51,

16  51.5, 54, 54.1 and 55, and other statutory measures refer to protection of the rights of "physically

17  disabled persons").  Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a

18  "person with physical disabilities", as defined by all applicable California and United States

19  laws.  Plaintiff IRMA RAMIREZ suffers from Post-Polio syndrome.  Plaintiff IRMA RAMIREZ

20  relies on crutches and/or a wheelchair as her ambulance.  Plaintiff DAREN HEATHERLY

21  suffers from Multiple Sclerosis and a left hip replacement.  Plaintiff  DAREN HEATHERLY

22  relies  primarily on a wheelchair to travel about in public.  Consequently, each plaintiff IRMA

23  RAMIREZ and DAREN HEATHERLY is a member of that portion of the public whose rights

24  are protected by the provisions of Health & Safety Code §19955, et seq. (entitled "Access to

25  Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh

26  Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the

27  Americans with Disabilities Act, 42 U.S.C. §12101, et seq.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works with persons with disabilities to empower them to be independent in American society.  DREES accomplishes its goals and purposes through education on disability issues, enforcement of the rights of persons with disabilities, and the provision of services to persons with disabilities, the general public, public agencies and the private business sector.  DREES brings this action on behalf of its members, many of whom are persons with physical disabilities and whom have standing in their right to bring this action.

7.    That members of DREES, like plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY, will or have been guests and invitees at the subject OMELETTE EXPRESS, and that the interests of plaintiff DREES in removing architectural barriers at the subject restaurant advance the purposes of DREES to assure that all public accommodations, including the subject restaurant, are accessible to independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

8.    Defendants OMELETTE EXPRESS INC. and NAN Z. MISHKIN (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as the OMELETTE EXPRESS, located at/near 112 4th Street, Santa Rosa, California, or of the building and/or buildings which constitute said public accommodation.

9.    At all times relevant to this complaint, defendants OMELETTE EXPRESS INC. and NAN Z. MISHKIN, own and operate in joint venture the subject OMELETTE EXPRESS as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, et seq., Health and Safety code §19955, et seq., and the ADA, 42 U.S.C. §12101, et seq.

10.    At all times relevant to this complaint, defendants OMELETTE EXPRESS INC. and NAN Z. MISHKIN are jointly and severally responsible to identify and remove architectural

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   barriers at the subject restaurant pursuant to Code of Federal Regulations title 28, section

2   36.201(b), which states in pertinent part:

3   **§ 36.201      General**

4           (b) Landlord and tenant responsibilities. Both the landlord
        who owns the building that houses a place of public
5       accommodation and the tenant who owns or operates the place of
        public accommodation are public accommodations subject to the
6       requirements of this part.  As between the parties, allocation of
        responsibility for complying with the obligations of this part may
7       be determined by lease or other contract.

8           28 CFR §36.201(b)

9   **PRELIMINARY FACTUAL ALLEGATIONS:**

10          11.     The OMELETTE EXPRESS, is a restaurant, located at/near 112 4th Street, Santa

11  Rosa, California.  The OMELETTE EXPRESS, its two (2) men's restroom, women's restroom,

12  dining area , and its other facilities are each a "place of public accommodation or facility" subject

13  to the barrier removal requirements of the Americans with Disabilities Act.  On information and

14  belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and

15  additions", each of which has subjected the OMELETTE EXPRESS and each of its facilities, its

16  men's restroom, women's restroom and dining area to disability access requirements per the

17  Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the

18  California Code of regulations (Title 24).

19          12.     At all times stated herein, plaintiffs IRMA RAMIREZ and DAREN

20  HEATHERLY  was a member of DREES.

21          13.     At all times referred to herein and continuing to the present time, defendants, and

22  each of them, advertised, publicized and held out the OMELETTE EXPRESS as being

23  handicapped accessible and handicapped usable.

24          14.     On or about March 30, 2006, October 25, 2006, May 24, 2007 and August 7,

25  2007, the operative dates in this complaint for which plaintiff IRMA RAMIREZ and plaintiff

26  DAREN HEATHERLY seek damages each was an invitee and guest at the subject OMELETTE

27  EXPRESS, for purposes of having meals.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15.    At all times stated herein, the signage and menus for the restaurant stated "Don Taylor's Omelette Express."

16.    At all times stated in this complaint, Don Taylor's Omelette Express did not have the required percentage of accessible tables.  In fact, no table was accessible to the disabled.

17.    At all times stated herein, the OMELETTE EXPRESS was not accessible to persons with disabilities.

18.    At all times stated herein from approximately the start of the 2004 local, state, and federal election campaign, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY spoke personally to Don Taylor about the tables and restrooms not being accessible.  Plaintiffs IRMA RAMIREZ and DAREN HEATHERLY were working on the political campaign.  Don Taylor was running for Santa Rosa City Council.  Don Taylor's first promise, which later turned out to be an excuse was that everyone was in the midst of the elections, and when the elections were over he would tend to the problem.  Plaintiff IRMA RAMIREZ and DAREN HEATHERLY were initially satisfied with that explanation.  However, after the election was over, Don Taylor did nothing during the period following the election from approximately December 2004 to the present.  In fact, Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY saw Don Taylor numerous times at OMELETTE EXPRESS, and he continued to promise he would do the repairs in 2005.  Don Taylor showed plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY plans in 2005 to make the restrooms accessible.  No remedial work even providing accessible tables was even undertaken.  It has always been one promise after another, to do the fix.  The fix was never done.

19.    On or about March 30, 2006, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY wheeled into the OMELETTE EXPRESS and could not find accessible seating, as neither plaintiff IRMA RAMIREZ or plaintiff DAREN HEATHERLY could pull up under any of the existing vintage tables.

20.    At said time and place, plaintiff IRMA RAMIREZ needed to use an accessible restroom.  It didn't matter whether it was a men's or women's restroom, as long as it was accessible.  Plaintiff IRMA RAMIREZ attempted to use the women's restroom, but it was too

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

small for her use.  Plaintiff IRMA RAMIREZ also attempted to use each of the men's restrooms.
There were two (2) men's restrooms, but plaintiff IRMA RAMIREZ was unable to use neither of
the restrooms because the men's restrooms were not accessible.

21.     On or about October 25, 2006 and May 24, 2007, plaintiff IRMA RAMIREZ was
again with plaintiff DAREN HEATHERLY at the OMELLETTE EXPRESS.  Plaintiff IRMA
RAMIREZ and plaintiff DAREN HEATHERLY could not find accessible tables, because there
were none.

22.     At said times and place, plaintiff IRMA RAMIREZ needed to use an accessible
restroom.  Plaintiff IRMA RAMIREZ wheeled on these two (2) occasions to the women's
restroom and to both men's restroom.  None of the three (3) were accessible, and plaintiff IRMA
RAMRIEZ was unable to use the restrooms.

23.     On or about March 30, 2006, October 25, 2006, May 24, 2007 and August 7,
2007, plaintiff DAREN HEATHERLY was a patron of the OMELETTE EXPRESS. Plaintiff
DAREN HEATHERLY wheeled to the OMELETTE EXPRESS by himself.  He was alone.
Plaintiff DAREN HEATHERLY could not fined any accessible tables.  There was none.

24.     On or about March 30, 2006, plaintiff DAREN HEATHERLY needed to use an
accessible restroom.  There were two (2) men's restrooms at the OMELETTE EXPRESS.
Plaintiff DAREN HEATHERLY tried to use both.  Plaintiff DAREN HEATHERLY attempted
to use the larger of the two, and stressed and strained himself in the transfer process.

25.     On or about October 25, 2006, plaintiff DAREN HEATHERLY needed to use an
accessible restroom.  There were two (2) men's restrooms at the OMELETTE EXPRESS.
Plaintiff DAREN HEATHERLY tried to use both.  Plaintiff DAREN HEATHERLY attempted
to use the larger of the two, and stressed and strained himself in the transfer process.

26.     On or about May 24, 2007, plaintiff DAREN HEATHERLY needed to use an
accessible restroom.  There were two (2) men's restrooms at the OMELETTE EXPRESS.
Plaintiff DAREN HEATHERLY tried to use both.  Plaintiff DAREN HEATHERLY attempted
to use the larger of the two, and stressed and strained himself in the transfer process.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27.     On or about July 12, 2007, plaintiff IRMA RAMIREZ made a formal request of the landlord and tenant for the OMELETTE EXPRESS to take remedial measures.  Plaintiff IRMA RAMIREZ received a response by letter of August 7, 2007, but as usual, Don Taylor avoided the issues when he stated :

> " I should know more about when all this is going to be completed by next
> month,  but not really sure when we will get started working and finishing
> the job.  I will keep you informed as you go along."

28.     On or about August 7, 2007, plaintiff DAREN HEATHERLY needed to use an accessible restroom.  Plaintiff DAREN HEATHERLY wheeled to each of the two men's restrooms. No remedial work had been done.  On this occasion, plaintiff DAREN HEATHERLY had time to wheel to Aroma Roaster and use their restroom.

29.     At all times stated herein, if plaintiff DAREN HEATHERLY needed to use a restroom, and had the time to go somewhere else, he would wheel down 4th street from the OMELETTE EXPRESS to Aroma Roasters and use their restroom.

30.     Therefore, at said times and place, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY, each a person with a disability, encountered the following inaccessible elements of the subject OMELETTE EXPRESS which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

a.     lack of an accessible dining area; 5% compliance requirement;

b.     lack of a handicapped-accessible women's public restroom;

c.     lack of a handicapped-accessible men's public restroom;

d.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

31.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    32.    On or about July 12, 2007, defendant(s) were sent letters by or on behalf of

2  plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY advising of the existence of

3  architectural barriers, requesting a response within two weeks and requesting remedial measures

4  be undertaken within 90 days or an explanation of why the time limit set could not be met and/or

5  extenuating circumstances.  Don Taylor responded by letter on August 7, 2007, and once again

6  vacillated on when the work would be done and skirted the "Agreement" issue.  Said letters are

7  attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth

8  herein.

9    33.    At all times stated herein, defendants, and each of them, were "negligent per se"

10 in not removing architectural barriers determined by the Department of Justice to be considered a

11 safety concern/safety hazard where it was readily achievable for said public accommodation to

12 remove barriers. The barriers and those requirements for barrier removal are found in 28 CFR 36,

13 and the building code to be followed is in appendix "A", referred to as "ADAAG". Therefore as

14 a legal result of defendants breach of duty to remove those barriers encountered by plaintiff,

15 plaintiff suffered bodily injury.

16   34.    As a legal result of defendants 's failure to act as a reasonable and prudent public

17 accommodation in identifying, removing or creating architectural barriers, policies, practices and

18 procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered

19 the damages as alleged herein.

20   35.    As a further legal result of the actions and failure to act of defendants, and as a

21 legal result of the failure to provide proper handicapped-accessible public facilities as set forth

22 herein, plaintiffs were denied their civil rights to full and equal access to public facilities.

23 Plaintiffs IRMA RAMIREZ and DAREN HEATHERLY suffered a loss of their civil rights and

24 their rights as a person with physical disabilities to full and equal access to public facilities, and

25 further plaintiff DAREN HEATHELRY on or about March 30, 2006, October 25, 2006, May 24,

26 2007, suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in

27 wheeling and attempting to and/or transferring up, on, down, to, over, around and through

28 architectural barriers.  Specifically, as a legal result of defendants negligence in the design,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  construction maintenance and failure to install grab bars of the larger existing restroom, plaintiff

2  suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting

3  to use the water closet).  Plaintiff DAREN HEATHERLY physical discomfort, emotional

4  distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to,

5  shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally

6  associated with a person with physical disabilities being denied access, all to his damages as

7  prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for

8  mental and emotional distress over and above that usually associated with the discrimination and

9  physical injuries claimed, and no expert testimony regarding this usual mental and emotional

10  distress will be presented at trial in support of the claim for damages.

11        36.     Defendants', and each of their, failure to remove the architectural barriers

12  complained of herein created, at the time of plaintiffs IRMA RAMIREZ and DAREN

13  HEATHERLY's first visit to said public accommodation, and continues to create continuous and

14  repeated exposure to substantially the same general harmful conditions which caused plaintiffs

15  IRMA RAMIREZ and DAREN HEATHERLY harm as stated herein.

16        37.     Plaintiffs IRMA RAMIREZ, DAREN HEATHERLY and the membership of

17  DREES were denied their rights to equal access to a public facility by defendants OMELETTE

18  EXPRESS INC. and NAN Z. MISHKIN, because defendants  OMELETTE EXPRESS INC. and

19  NAN Z. MISHKIN  maintained a breakfast restaurant without access for persons with physical

20  disabilities to its facilities, including but not limited to the two men's restroom, women's

21  restroom, dining, and other public areas as stated herein, and continue to the date of filing this

22  complaint to deny equal access to plaintiffs and other persons with physical disabilities in these

23  and other ways.

24        38.     On information and belief, construction alterations carried out by defendants have

25  also triggered access requirements under both California law and the Americans with Disabilities

26  Act of 1990.

27        39.     Plaintiffs, as described hereinbelow, seek injunctive relief to require the

28  OMELETTE EXPRESS to be made accessible to meet the requirements of both California law

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the Express as a public facility.  Plaintiffs seek damages for violation of their civil rights on March 30, 2006, October 25, 2006, May 24, 2007 and August 7, 2007, and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after their visit that plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY was deterred from returning to the Express because of their knowledge and belief that the premises was and remains inaccessible to persons with disabilities.

40.     On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

41.     Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, et seq. and other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling defendants to make the OMELETTE EXPRESS accessible to persons with disabilities.

42.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a trembling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators of other restaurants and other public facilities, and to punish defendants and to carry out the purposes of  the Civil Code §§ 51, 51.5 and 54.

43.    Plaintiffs are informed and believe and therefore allege that defendants OMELETTE EXPRESS INC. and NAN Z. MISHKIN, and each of them, caused the subject building(s) which constitute the OMELETTE EXPRESS to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the Express and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendants have continued to maintain and operate said Express and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of the Express and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff IRMA RAMIREZ, plaintiff DAREN HEATHERLY, the membership of plaintiff DREES and the disability community which DREES serves.  Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, et seq.

44.    On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the OMELETTE EXPRESS and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to, communications with invitees and guests, plaintiff IRMA RAMIREZ, plaintiff DAREN HEATHERLY, owners of other restaurants and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendants' failure, under state and federal law, to make the Express accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities.  Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    facilities, defendants, and each of them, knowingly and willfully refused to take any steps to

2    rectify the situation and to provide full and equal access for plaintiffs and other persons with

3    physical disabilities to the Express.  Said defendants, and each of them, have continued such

4    practices, in conscious disregard for the rights of plaintiffs and other persons with physical

5    disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had

6    further actual knowledge of the architectural barriers referred to herein by virtue of the demand

7    letter addressed to the defendants and served concurrently with the summons and complaint.

8    Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons

9    with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and

10   safety of plaintiffs and of other similarly situated persons, justifying the imposition of treble

11   damages per Civil Code §§52 and 54.3.

12           45.     Plaintiff IRMA RAMIREZ, plaintiff DAREN HEATHERLY and plaintiff

13   DREES, on behalf of its membership and the disability community which it serves, consisting of

14   persons with disabilities, would, could and will return to the subject public accommodation when

15   it is made accessible to persons with disabilities.

16   **I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
            ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
17          DISABILITIES ACT OF 1990 (42 U.S.C. §12101, et seq.)**
            (On behalf of Plaintiffs IRMA RAMIREZ; DAREN HEATHERLY and DISABILITY
18          RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP
            OTHERS, a California public benefit corporation and Against Defendants OMELETTE
19          EXPRESS INC., a California corporation and NAN Z. MISHKIN, inclusive)
            (42 U.S.C. §12101, et seq.)

20
21           46.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

     the allegations contained in paragraphs 1 through 45 of this complaint.
22
23           47.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

24   §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

     protect:
25
                     some 43 million Americans with one or more physical or mental
26                   disabilities; [that] historically society has tended to isolate and
                     segregate individuals with disabilities; [that] such forms of
27                   discrimination against individuals with disabilities continue to be a
                     serious and pervasive social problem; [that] the nation's proper
28                   goals regarding individuals with disabilities are to assure equality

     COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

48.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

49.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, et seq.).  Among the public accommodations identified for purposes of this title was:

(7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
---
(B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

50.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

51.    The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, et seq. - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

52.     The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of OMELETTE EXPRESS pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C.

2    §12182 (b)(2)(A)(i)and (ii).

3         53.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

4    accomplishable and able to be carried out without much difficulty or expense." The statute

5    defines relative "expense" in part in relation to the total financial resources of the entities

6    involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that

7    plaintiffs complain of herein were and are "readily achievable" by the defendants under the

8    standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

9    not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

10   make the required services available through alternative methods which were readily achievable.

11        54.    On information and belief, construction work on, and modifications of, the subject

12   building(s) of OMELETTE EXPRESS occurred after the compliance date for the Americans

13   with Disabilities Act, January 26, 1992, independently triggering access requirements under Title

14   III of the ADA.

15        55.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, et

16   seq., plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

17   Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

18   basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs

19   are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from

20   returning to or making use of the public facilities complained of herein so long as the premises

21   and defendants' policies bar full and equal use by persons with physical disabilities.

22        56.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with

23   a disability to engage in a futile gesture if such person has actual notice that a person or

24   organization covered by this title does not intend to comply with its provisions". Pursuant to this

25   section, plaintiff IRMA RAMIREZ has not returned to defendants' premises since on or about

26   May 24, 2007, and plaintiff DAREN HEATHERLY has not returned to the premises since on or

27   about August 7, 2007, but on information and belief, alleges that defendants have continued to

28   violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to

access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title".

57.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

## II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.

(On Behalf of Plaintiffs IRMA RAMIREZ; DAREN HEATHERLY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants OMELETTE EXPRESS INC., a California corporation and NAN Z. MISHKIN, inclusive) (California Civil Code §§54, 54.1, 54.3, et seq.)

58.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 57 of this complaint.

59.    At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

(a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

60.    California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

(a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    adoption agencies, private schools, hotels, lodging places, places of
     public accommodation, amusement or resort, and other places to
2    which the general public is invited, subject only to the conditions
     and limitations established by law, or state or federal regulation,
3    and applicable alike to all persons.

4    Civil Code §54.1(a)(1)

5    61.    California Civil Code §54.1 further provides that a violation of the Americans

6    with Disabilities Act of 1990 constitutes a violation of section 54.1:

7        (d) A violation of the right of an individual under the
         Americans with Disabilities Act of 1990 (Public Law 101-336)
8        also constitutes a violation of this section, and nothing in this
         section shall be construed to limit the access of any person in
9        violation of that act.

10    Civil Code §54.1(d)

11    62.    Plaintiffs IRMA RAMIREZ, DAREN HEATHERLY and the membership of

12    plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been

13    infringed upon and violated by the defendants, and each of them, as prescribed by §§54 and 54.1.

14    Each specific architectural barrier which defendants knowingly and willfully fail and refuse to

15    remove constitutes a separate act in violation of §§54 and 54.1.  Plaintiffs have been and

16    continue to be denied full and equal access to defendants' OMELETTE EXPRESS.  As a legal

17    result, plaintiffs are entitled to seek damages pursuant to California Civil Code §54.3(a) for each

18    day on which they visited or have been deterred from visiting the Express because of their

19    knowledge and belief that the OMELETTE EXPRESS is inaccessible to persons with

20    disabilities.  California Civil Code §54.3(a) provides:

21        Any person or persons, firm or corporation, who denies or
         interferes with admittance to or enjoyment of the public facilities
22        as specified in Sections 54 and 54.1 or otherwise interferes with
         the rights of an individual with a disability under Sections 54, 54.1
23        and 54.2 is liable for each offense for the actual damages and any
         amount as may be determined by a jury, or the court sitting without
24        a jury, up to a maximum of three times the amount of actual
         damages but in no case less than . . .one thousand dollars ($1,000)
25        and . . . attorney's fees as may be determined by the court in
         addition thereto, suffered by any person denied any of the rights
26        provided in Sections 54, 54.1 and 54.2.

27    Civil Code §54.3(a)

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

63.    On or about March 30, 2006, October 25, 2006, May 24, 2007 and August 7, 2007, plaintiffs IRMA RAMIREZ and DAREN HEATHERLY suffered violations of §§54 and 54.1 of the Civil Code in that plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY was denied access to two men's restroom, women's restroom, dining area and other public facilities as stated herein at the OMELETTE EXPRESS and on the basis that plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each was a person with physical disabilities.

64.    As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under §§54, 54.1 and 54.3, Civil Code, and plaintiff DAREN HEATHERLY suffered physical discomfort, bodily injury on or about March 30, 2006, October 25, 2006 and May 24, 2007, (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction maintenance and failure to install grab bars of the existing larger men's restroom, plaintiff DAREN HEATHERLY suffered continuous, repetitive and cumulative trauma to his extremities while attempting to use the water closet).  Further, plaintiff DAREN HEATHERLY suffered emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

65.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  about March 30, 2006, October 25, 2006, May 24, 2007 and August 7, 2007, and on a continuing

2  basis since then, including statutory damages, a trebling of all of actual damages, general and

3  special damages available pursuant to §54.3 of the Civil Code according to proof.

4       66.    As a result of defendants', and each of their, acts and omissions in this regard,

5  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

6  plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical

7  disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

8  the provisions of §54.3 and §55 of the Civil Code, plaintiffs therefore will seek recovery in this

9  lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

10  Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to

11  plaintiffs, but also to compel the defendants to make their facilities accessible to all members of

12  the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing

13  party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

14       Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

15  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
    FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, ET. SEQ.**

16  (On Behalf of Plaintiffs IRMA RAMIREZ; DAREN HEATHERLY and DISABILITY
    RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP

17  OTHERS, a California public benefit corporation and Against Defendants OMELETTE
    EXPRESS INC., a California corporation and NAN Z. MISHKIN inclusive)

18  (Health & Safety Code §19955, et seq.)

19

20       67.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

    the allegations contained in paragraphs 1 through 66 of this complaint.

21

22       68.    Health & Safety Code §19955 provides in pertinent part:

23      The purpose of this part is to insure that public accommodations or
    facilities constructed in this state with private funds adhere to the

24  provisions of Chapter 7 (commencing with Sec. 4450) of Division
    5 of Title 1 of the Government Code.  For the purposes of this part

25  "public accommodation or facilities" means a building, structure,
    facility, complex, or improved area which is used by the general

26  public and shall include auditoriums, hospitals, theaters,
    restaurants, hotels, motels, stadiums, and convention centers.

27  When sanitary facilities are made available for the public, clients or
    employees in such accommodations or facilities, they shall be

28  made available for the handicapped.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

69.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the OMELETTE EXPRESS and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the Express and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said Express and/or building to be subject to the requirements of Part 5.5, §19955, et seq., of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

70.     Pursuant to the authority delegated by Government Code §4450, et seq, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the OMELETTE EXPRESS and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

71.     Restaurants such as the OMELETTE EXPRESS are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, et seq.

72.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

73.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

74.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

**IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, ET SEQ. (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs IRMA RAMIREZ; DAREN HEATHERLY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants OMELETTE EXPRESS INC., a California corporation and NAN Z. MISHKIN inclusive)
(Civil Code §51, 51.5)

75.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 74 of this complaint.

76.    Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

"intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

failing to act to identify and remove barriers can be construed as a "negligent per se" act of

defendants, and each of them.

   77.    The acts and omissions of defendants stated herein are discriminatory in nature

and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1
2

       As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

3
4
5
6
7
8

       Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

9
10
11
12
13
14
15
16

       78.   Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section".  Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at §46, et seq., as if repled herein.

17
18
19
20
21
22
23
24
25
26
27
28

       79.   As a legal result of the violation of plaintiffs IRMA RAMIREZ and DAREN HEATHERLY's  civil rights as hereinabove described, plaintiffs IRMA RAMIREZ and DAREN HEATHERLY have suffered general damages.  Further, plaintiff DAREN HEATHERLY on or about March 30, 2006, October 25, 2006 and May 24, 2007 suffered bodily injury (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction, maintenance and failure to place grab bars in the existing larger men's restroom, plaintiff DAREN HEATHERLY suffered continuous, repetitive and cumulative trauma to his extremities while attempting to use the water closet).  Further, plaintiff DAREN HEATHERLY suffered emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs).  Plaintiffs IRMA RAMIREZ, DAREN HEATHERLY and DREES are entitled to the rights and remedies of §52(a)

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**
(On Behalf of Plaintiffs IRMA RAMIREZ; DAREN HEATHERLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants OMELETTE EXPRESS INC., a California corporation and NAN Z. MISHKIN, inclusive)
(42 U.S.C. §12101, et seq.)

1.    For injunctive relief, compelling defendants OMELETTE EXPRESS INC. and NAN Z. MISHKIN , inclusive, to make the OMELETTE EXPRESS, located at 112 4th Street, Santa Rosa, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, et seq., and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.    For such other and further relief as the court may deem proper.

**II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs IRMA RAMIREZ; DAREN HEATHERLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants OMELETTE EXPRESS INC., a California corporation and NAN Z. MISHKIN, inclusive)
(California Civil Code §§54, 54.1, 54.3, et seq.)

1.    For injunctive relief, compelling defendants OMELETTE EXPRESS INC. and NAN Z. MISHKIN, inclusive, to make the OMELETTE EXPRESS, located at 112 4th Street, Santa Rosa, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.      Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.      Treble damages pursuant to Civil Code §54.3;

5.      For all costs of suit;

6.      Prejudgment interest pursuant to Civil Code §3291;

7.      Such other and further relief as the court may deem just and proper.

**III.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY, and Against Defendants OMELETTE EXPRESS INC., a California corporation and NAN Z. MISHKIN, inclusive),
(California Civil Code §§54, 54.1, 54.3, et seq.)

1.      General and compensatory damages according to proof.

**IV.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, ET. SEQ.**
(On Behalf of Plaintiffs IRMA RAMIREZ; DAREN HEATHERLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants OMELETTE EXPRESS INC., a California corporation and NAN Z. MISHKIN, inclusive)
(Health & Safety code §19955, et seq.)

1.      For injunctive relief, compelling defendants OMELETTE EXPRESS INC. and NAN Z. MISHKIN, inclusive, to make the OMELETTE EXPRESS, located at 112 4th Street, Santa Rosa, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.      For all costs of suit;

4.      For prejudgment interest pursuant to Civil Code §3291;

5.      Such other and further relief as the court may deem just and proper.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, ET SEQ. (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs IRMA RAMIREZ; DAREN HEATHERLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants OMELETTE EXPRESS INC., a California corporation and NAN Z. MISHKIN, inclusive)
(California Civil Code §§51, 51.5, et seq.)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.    Treble damages pursuant to Civil Code §52(a);

4.    For all costs of suit;

5.    Prejudgment interest pursuant to Civil Code §3291; and

6.    Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**VI.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, ET SEQ. (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff IRMA RAMIREZ plaintiff DAREN HEATHERLY, and Against Defendants OMELETTE EXPRESS INC., a California corporation and NAN Z. MISHKIN, inclusive)
(California Civil Code §§51, 51.5, et seq.)

1.    General and compensatory damages to plaintiffs IRMA RAMIREZ and DAREN HEATHERLY according to proof.

Dated: _____, 2007      THOMAS E. FRANKOVICH
                                 A PROFESSIONAL LAW CORPORATION


                                 By: _____
                                      THOMAS E. FRANKOVICH
                                 Attorneys for Plaintiffs IRMA RAMIREZ; DAREN
                                 HEATHERLY and DISABILITY RIGHTS
                                 ENFORCEMENT, EDUCATION, SERVICES:HELPING
                                 YOU HELP OTHERS, a California public benefit
                                 corporation

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: _____, 2007      THOMAS E. FRANKOVICH
                                 A PROFESSIONAL LAW CORPORATION


                                 By: _____
                                      THOMAS E. FRANKOVICH
                                 Attorneys for Plaintiffs IRMA RAMIREZ; DAREN
                                 HEATHERLY and DISABILITY RIGHTS,
                                 ENFORCEMENT, EDUCATION, SERVICES:HELPING
                                 YOU HELP OTHERS, a California public benefit
                                 corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28

# EXHIBIT A

Irma Ramirez
734 Morton Way
Santa Rosa, CA 95404

July 12, 2007

Manager
Omelette Express
112 4th St.
Santa Rosa, CA  95404

Dear Manager of Omelette Express:

Recently I visited the Omelette Express with my husband. As I use a wheelchair, I had problems with the restroom not being accessible, couldn't you make one of the restrooms fully accessible for a wheelchair user?

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whom ever is in charge. I'd like to come back to the Omelette Express once it's accessible to me. I may still come back before you do the work just because I like the place, even if it means going somewhere else to use a restroom. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

Thank you for considering my request.

Thank You,

Irma Ramirez

Irma Ramirez

Irma Ramirez
734 Morton Way
Santa Rosa, CA 95404

July 12, 2007

Owner of the building
Omelette Express
112 4ᵗʰ St.
Santa Rosa, CA  95404

Dear Owner of the building for Omelette Express:

Recently I visited the Omelette Express with my husband. As I use a wheelchair, I had
problems with the restroom not being accessible, couldn't you make one of the restrooms
fully accessible for a wheelchair user?

I would really appreciate it if you would give me written assurance within the next two
weeks that you will take care of these problems within the next three months. I'd like a
written agreement. If you cannot do this would you forward my letter to whom ever is in
charge. I'd like to come back to the Omelette Express once it's accessible to me. I may still
come back before you do the work just because I like the place, even if it means going
somewhere else to use a restroom. If there is some problem doing this please let me
know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you
need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the
federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and
ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or
have someone do it for you. You could also get a list of barriers common to places like yours
and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees,
that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You
can get information on this from the two places I mentioned above. You should talk to your
accountant about it. Maybe your accountant already has this information or knows about it.

Thank you for considering my request.

Thank You,

Irma Ramirez



OPEN 7 DAYS A WEEK
Monday – Friday
6:30 a.m. – 3 p.m.
Saturday & Sunday
7:00 a.m. – 4:00 p.m.

Open Most Holidays

electdontaylor@aol.com

707 525-1690

Irma Ramirez
734 Morton Way
Santa Rosa, CA 95404

August 7, 2007

Dear Irma,

Thank you for the letter you recently sent us. I understand your concern, and am happy to say that we have other customers with the same issue. I am proud to say that the process has already begun. Back in April of this year, I had Christopher's Designs of Santa Rosa draw new plans for the bathrooms. I am now working on the financing of the project and figuring out the best way to go about this and when it will be completed.

At the time of writing this letter, Richard Skaff of Designing Accessible Communities stopped by my restaurant. As a non-profit organization to help in this area, he wanted to review my plans and see if there were any issues or improvements that may be needed. An ounce of prevention is worth a pound of cure. I should know more about when all this is going to be completed by next month- but not really sure when we will get started working and finishing the job. I will keep you informed as you go along.

Thank you,

Don Taylor
Owner/Manager of The Omelette Express

Conveniently Located in Historic Railroad Square • 112 4th Street • Santa Rosa • California 95401