1  **Bradford J. DeMeo, SBN 141189**
   **DeMeo & DeMeo**
2  **565 W. College Avenue**
   **Santa Rosa, CA 95401**
3  **Telephone: (707) 545-3232**
   **Facsimile: (707) 545-1725**
4
   **Attorneys for defendant NAN Z. MISHKIN**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA RAMIREZ, an individual; DAREN HEATHERLY, an individual and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>    Plaintiff,<br>v.<br><br>OMELETTE EXPRESS, INC., a California corporation and NAN Z. MISHKIN<br><br>    Defendants.<br>_____/ | CASE NO. C 07 4463 JCS<br>Civil Rights<br><br>ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES<br><br>DEMAND FOR JURY TRIAL |

Defendant NAN Z. MISHKIN (hereinafter sometimes referred to as "MISHKIN") answers the unverified Complaint of Plaintiffs IRMA RAMIREZ, an individual; DAREN HEATHERLY, an individual and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation:

### RESPONSE TO INTRODUCTION

1. In answer to the allegations of paragraph 1, defendant Mishkin has no information or belief on the subjects sufficient to enable her to answer said allegations and placing her denial on that ground denies each and every allegation contained therein.

2. In answer to the allegations of paragraph 2, defendant Mishkin has no information or belief on the subjects sufficient to enable her to answer said allegations and placing her denial on

1  that ground denies each and every allegation contained therein.

2      3.  In answer to the allegations of paragraphs 3 and 4, defendant Mishkin admits that this
3  Court has jurisdiction of this action and that venue is proper.

**RESPONSE TO PARTIES**

4.  In answer to the allegations of paragraph 5, defendant Mishkin has no information or belief on the subjects sufficient to enable her to answer said allegations and placing her denial on that ground denies each and every allegation contained therein.

5.  In answer to the allegations of paragraphs 6 and 7, defendant Mishkin has no information or belief on the subjects sufficient to enable her to answer said allegations and placing her denial on that ground denies each and every allegation contained therein.

6.  In answer to the allegations of paragraph 8, defendant Mishkin admits that she is the owner of the building located at/near 112 4th Street, Santa Rosa, California, and is the Lessor of said building, that Omellete Express is Lessee of said building and operates a business therein, and denies each and every other allegation contained in said paragraph 8.

7.  In answer to the allegations of paragraph 9, defendant Mishkin denies that she owns and operates a joint venture as Omelette Express, and admits the remaining allegations in said paragraph 9.

8.  In answer to the allegations of paragraph 10, defendant Mishkin denies each and every allegation contained therein and specifically alleges that a written Lease makes the Lessee responsible to identify and remove architectural barriers a the subject restaurant and to comply with all applicable laws.

**RESPONSE TO PRELIMINARY FACTUAL ALLEGATIONS**

9.  In answer to the allegations of paragraph 11, defendant Mishkin admits that the Omelette Express is a restaurant located at/near 112 4th Street, Santa Rosa, California, and that there are two men's restrooms, a women's restroom, dining area and other facilities open to the public, but denies each and every other allegation contained in paragraph 11.

10. In answer to the allegations of paragraph 12, defendant Mishkin has no information or belief on the subjects sufficient to enable her to answer said allegations and placing her denial

on that ground denies each and every allegation contained therein.

11. In answer to the allegations of paragraph 13, defendant Mishkin has no information or belief on the subjects sufficient to enable her to answer said allegations and placing her denial on that ground denies each and every allegation contained therein.

12. In answer to the allegations of paragraph 14, defendant Mishkin has no information or belief on the subjects sufficient to enable her to answer said allegations and placing her denial on that ground denies each and every allegation contained therein.

13. In answer to the allegations of paragraph 15, defendant Mishkin admits the allegations therein.

14. In answer to the allegations of paragraph 16, defendant Mishkin has no information or belief on the subjects sufficient to enable her to answer said allegations and placing her denial on that ground denies each and every allegation contained therein.

15. In answer to the allegations of paragraphs 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30, defendant Mishkin has no information or belief on the subjects sufficient to enable her to answer said allegations and placing her denial on that ground denies each and every allegation contained therein.

16. In answer to the allegations of paragraph 31, defendant Mishkin denies each and every allegation therein.

17. In answer to the allegations of paragraph 32, defendant Mishkin denies that any letter was sent to her on behalf of the Plaintiffs, and as to the remaining allegations therein defendant Mishkin has no information or belief on the subjects sufficient to enable her to answer said allegations and placing her denial on that ground denies each and every allegation contained therein.

18. In answer to the allegations of paragraphs 32, 33, 34, 35, 36, 37, and 38, defendant Mishkin denies each and every allegation contained therein.

19. In answers to the allegations of paragraph 39, defendant Mishkin has no information or belief on the subjects sufficient to enable her to answer said allegations and placing her denial on that ground denies each and every allegation contained therein.

ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C 07 4463 JCS

20. In answer to the allegations of paragraphs 40, 41, 42, 43, and 44, defendant Mishkin denies each and every allegation contained therein.

21. In answer to the allegations of paragraph 45, defendant Mishkin has no information or belief on the subjects sufficient to enable her to answer said allegations and placing her denial on that ground denies each and every allegation contained therein.

**RESPONSE TO FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

**(42 U.S.C. §12101, et seq.)**

Defendant MISHKIN answers the alleged first cause of action for relief set forth in the complaint herein as follows:

22. In answer to the allegations incorporated in paragraph 46 of Plaintiffs alleged First Cause of Action for Denial of Access by a Public Accomodation in Violation of the Americans with Disabilities Act of 1990, Defendant MISHKIN incorporates herein by reference each and every admission, denial and allegation of paragraphs 1 through 21 of Defendant MISHKIN'S answer, as hereinabove set forth.

23. In answer to the allegations of paragraphs 47, 48, 49, 50, and 51, defendant Mishkin admits each and every allegation therein except for the allegations in paragraph 51 that allege that the alleged acts of defendants set forth in the Complaint were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, et seq. - Effective January 31, 1993, California Civil Code §51, making available the damage remedies, which said allegations are hereby denied by defendant Mishkin.

24. In answer to the allegations of paragraphs 52, 53, 54, and 55, defendant Mishkin denies each and every allegation contained therein.

25. In answers to the allegations of paragraphs 56 and 57, defendant Mishkin has no information or belief on the subjects sufficient to enable her to answer said allegations and placing her denial on that ground denies each and every allegation contained therein.

**RESPONSE TO SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL**

**ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3 ET. SEQ.**

Defendant MISHKIN answers the alleged second cause of action for relief set forth in the complaint herein as follows:

26. In answer to the allegations incorporated in paragraph 58 of Plaintiffs alleged Second Cause of Action for Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3 Et. Seq., Defendant MISHKIN incorporates herein by reference each and every admission, denial and allegation of paragraphs 1 through 25 of Defendant MISHKIN'S answer, as hereinabove set forth.

27. In answer to the allegations of paragraphs 59, 60, and 61, defendant Mishkin admits each and every allegation therein.

28. In answer to the allegations of paragraph 62, 63, 64, 65 and 66, defendant Mishkin denies each and every allegation contained therein.

**RESPONSE TO THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH AND SAFETY CODE §19955, ET SEQ.**

29. In answer to the allegations incorporated in paragraph 67 of Plaintiffs alleged Third Cause of Action for Denial of Accessible Sanitary Facilities in Violation of Health and Safety Code §19955, et seq. , Defendant MISHKIN incorporates herein by reference each and every admission, denial and allegation of paragraphs 1 through 28 of Defendant MISHKIN'S answer, as hereinabove set forth.

30. In answer to the allegations of paragraph 68, defendant Mishkin admits each and every allegation therein.

31. In answer to the allegations of paragraph 69, defendant Mishkin admits the allegations referring to Health and Safety Code §19956, but denies each and every other allegation contained therein.

32. In answer to the allegations of paragraph 70, defendant Mishkin denies each and every allegation contained therein.

1  33. In answer to the allegations of paragraph 71, 72, 73, and 74, defendant Mishkin denies each and every allegation contained therein.

## RESPONSE TO FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, ET SEQ. (THE UNRUH CIVIL RIGHTS ACT)

34. In answer to the allegations incorporated in paragraph 67 of Plaintiffs alleged Fourth Cause of Action for Denial of Access to Full and Equal Accomodations, Advantages, Facilities, Privileges And/or Services in Violation of California Civil Code §51, et seq. (The Unruh Civil Rights Act), Defendant MISHKIN incorporates herein by reference each and every admission, denial and allegation of paragraphs 1 through 33 of Defendant MISHKIN'S answer, as hereinabove set forth.

35. In answer to the allegations of paragraph 76, 77, 78, and 79, defendant Mishkin denies each and every allegation contained therein

## AFFIRMATIVE DEFENSES

Defendant MISHKIN asserts the following separate affirmative defenses to the causes of action and claims for relief set forth in Plaintiff's complaint.

### First Affirmative Defense

### (Indemnity)

As a separate and affirmative defense to the Complaint, and to each of the alleged causes of action contained therein, Defendant MISHKIN alleges:

As a separate and affirmative defense to the Complaint, and to each of the alleged causes of action contained therein, Defendant MISHKIN alleges if any liability exists on the part of Defendant MISHKIN , which she expressly denies, such liability is to be completely indemnified by Defendants, other than this answering Defendant, and others pursuant to written agreements or pursuant to principles of express or implied equitable indemnity.

### Second Affirmative Defense

### (Full Compliance with Statutory Law)

As a separate and affirmative defense to the Complaint, and to each of the alleged causes of action contained therein, Defendant MISHKIN alleges:

Defendant MISHKIN is absolved of any liability by reason of its full compliance with all statutes, regulations, or other laws in effect at the time of the conduct which supposedly gave rise to the injuries and damages alleged to have occurred.

### Third Affirmative Defense

### (Apportionment of Fault and Contribution)

As a separate and affirmative defense to the Complaint, and to each of the alleged causes of action contained therein, Defendant MISHKIN alleges:

The incidents referred to in said Complaint and Plaintiff's alleged damages, if any there were, were proximately caused by the wrongful, negligent or other conduct or other activity of others, and not by Defendant MISHKIN and Defendant MISHKIN therefore alleges that she is entitled to have her fault or responsibility, if any, for alleged violations of the laws alleged in the Complaint compared with the fault and responsibility of all other responsible persons or entities, in causing or contributing to such alleged violations pursuant to the doctrine of comparative fault.  Defendant MISHKIN further requests a judgment and declaration of full and/or partial indemnification and contribution against all persons in accordance with the doctrine of comparative fault.

### Fourth Affirmative Defense

### (Burden and Responsibility of Compliance Shifted to Lessee Under Written Lease)

As a separate and affirmative defense to the Complaint, and to each of the alleged causes of action contained therein, Defendant MISHKIN alleges:

Plaintiff has failed to present facts showing the existence of any justiciable case or controversy between it or Defendant MISHKIN and Plaintiff's claim should be denied because the responsibility for compliance with all laws alleged in Plaintiffs' Complaint was assumed by the Lessee, Omelette Express, Inc. under a written Lease dated April 7, 2005.  Prior to said Lease a previous written Lease contained the same provision.

//

   **WHEREFORE**, Defendant NAN Z. MISHKIN prays judgment as follows:

  a. That Plaintiffs take nothing by their action;

  b. That Defendant NAN Z. MISHKIN be awarded reasonable attorney's fees and costs of suit in defending this action;

  c. That in the event that any judgment is rendered in favor of Plaintiffs on their complaint, or any cross-complaint in the above-entitled action, that the Court adjudge and decree that Plaintiff and any other potentially responsible person or entities, and each of them, are liable for the full amount of any such judgment and for any costs or expenses incurred by said Defendants in connection with this action, including reasonable attorney's fees;

  d. For a separate declaration of the respective proportion or percentages of fault or responsibility, if any, of Defendants REDWOOD and ERNIE THOMAS and of Plaintiff and other persons or entities;

  e. For a declaration of the rights, duties and obligations of all parties for responsibility for the relief sought by the complaint and for the responsibility for ongoing and future removal, closure, investigation, remediation, clean-up and compliance with Clean-up and Abatement Orders of federal or California agencies; and

  f. For such other relief as this Court deems proper.

Dated: October 29, 2007      DeMeo DeMeo & West

             By:___/S/_____
               Bradford J. DeMeo, Attorneys of Record for
               Defendant NAN Z. MISHKIN

//
//
//

-8-

ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C 07 4463 JCS

# **DEMAND FOR JURY TRIAL**

Defendant MISHKIN hereby reserves trial by jury on the non-equitable issues presented by this case.

Dated: October 29, 2007            DeMeo DeMeo & West

By:___/S/_____
Bradford J. DeMeo, Attorneys of Record for
Defendant NAN Z. MISHKIN

**PROOF OF SERVICE**

I, the undersigned, say:

I am and was at the time of the within described mailing, over 18 years of age and employed in the County of Sonoma, California, in which the within referred mailing occurred. I am not a party to the cause or matter mentioned in the attached document. My business address is 565 West College Avenue, Santa Rosa, California 95401.

On the date below, following ordinary business practice, I served the attached**:**

**ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

addressed as follows:

Thomas E. Frankovich
THOMAS E. FRANKOVICH, APLC
2806 Van Ness Avenue
San Francisco, CA 94109

Thomas Kevin Konicek
Zyromski Konicek LLP
2455 Bennett Valley Rd
Ste B204
Santa Rosa, CA 95404

_X_    **BY MAIL**: I caused each such envelope, with postage thereon fully paid, to be placed in the United States mail at Santa Rosa, California.

____   **BY FACSIMILE**: I caused each such document to be transmitted by facsimile to the numbers listed above.

____   **BY FEDERAL EXPRESS:** I caused each such, with shipping charges fully prepaid, to be delivered to and deposited with Federal Express in Santa Rosa, California for next business day delivery.

Each envelope so addressed and containing such copy was then sealed and postage thereon fully prepaid, and thereafter on the date and at the place this declaration was executed, shown below, deposited by me in a mail reception facility regularly maintained by the United States Postal Service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed October 29, 2007, at Santa Rosa, California.

___/S/_____
Laura Rosenthal

-10-

ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
CASE NO. C 07 4463 JCS